**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN WRIGHT and DANIELLE PERREIRA,<br><br>　　　　　　　　　Defendants. | Case No. 2:14-cr-357-APG-NJK<br><br>**ORDER REGARDING MOTIONS TO SEVER AND TO CONTINE TRIAL**<br><br>(Dkt. ##71, 189) |

　　　　In light of my recent ruling on defendant Danielle Perreira's motion to suppress, as well as potential plea negotiations between Perreira and the Government, Perreira's motion to continue trial **(Dkt. #189) is GRANTED IN PART**. The trial against Perreira will be continued. The next issue is whether the trial against Brian Wright should proceed as scheduled on February 22, 2016. That trial cannot proceed as currently scheduled unless the defendants are severed.

　　　　Both Perreira and Wright have filed motions to sever. (Dkt. #71; Dkt. #189.) I have reviewed the *Bruton* material submitted *in camera* by the Government. I have concerns that a detective's summary of Perreira's statements, particularly where those statements reference "an individual" or "the person," may violate *Bruton* because it appears that the jury may believe a person's name has been redacted and that the identity of that person is her co-defendant, Wright. I also am concerned that Perriera's statement that she told "them" that she did not want to be involved likewise would indicate to the jury that the term "them" refers to Wright and Cole. *See Gray v. Maryland*, 523 U.S. 185, 186 (1998); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998).

　　　　Accordingly, at calendar call, the parties should be prepared to discuss whether some or all of these statements require severance and, if so, whether the Government will opt to proceed in a joint trial without using the statements or to sever and try the defendants separately. If the

Government prefers severance over not using the statements, then the Government and defendant Wright should be prepared to discuss whether they will be ready for trial on the February 22, 2016 trial stack.

Dated: February 12, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE